IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                No. 1:14-cr-00004-AA

    v.

                                **OPINION AND ORDER**

RYAN JUAN PITCHER,

        Defendant.

---

**PANNER, J.**

This matter comes before the Court on Defendant Ryan Juan Pitcher's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (#199). Defendant's motion is DENIED.

### Legal Standard

28 U.S.C. § 2255 provides, in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

PAGE 1 - ORDER

28 U.S.C. § 2255(a).

Under § 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section '[u]nless the motions and the files and records of the case *conclusively show* that the prisoner is entitled to no relief.'" United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir. 1994)(quoting 28 U.S.C. § 2255(b))(emphasis in original). An evidentiary hearing is warranted if "accepting the truth of [the petitioner's] factual allegations, he could have prevailed on an ineffective assistance claim." Id.  I find that no evidentiary hearing is necessary in this case.

## Background

On September 1, 2014, Defendant signed a plea agreement with the Government, under which he agreed to plead guilty to one count each of: Possessing and Passing Counterfeit Checks; Conspiracy to Commit Bank Fraud; and Aggravated Identity Theft (#115).  The parties agreed to an initial base offense level of seven, subject to 1) a six-level increase for actual or intended loss greater than $30,000 and less than $70,000[1]; 2) a four-level increase for a fraudulent scheme involving 50 or more victims; 3) a two-level increase for sophisticated means; 3) a four-level increase for Defendant's role as an organizer or leader; and 4) a three-level reduction for acceptance of responsibility.  As part of the same

---

[1]The Presentence Report ("PSR") found that the intended loss in this case was actually in excess of $113,000 and recommended an eight-level increase (#146). The Government acknowledged the PSR writer's conclusion, but adhered to their plea agreement and recommended a six-level increase. (#152).

PAGE 2 - ORDER

agreement, the Government agreed to dismiss Defendant's other charges. On February 3, 2015, Defendant was sentenced to 94 months.[2]

On January 16, 2015, the United States Sentencing Commission (U.S.S.C.) publicly announced a proposed amendment to U.S.S.G. § 2B1.1. 80 Fed. Reg. 2570, 2570 (notice issued Jan. 16, 2015). The relevant portion of the proposed amendment struck § 2B1.1(b)(2)(B), which provided for a four-level increase if the offense involved 50 or more victims, and replaced it with language that provided a four-level increase if the offense "resulted in substantial financial hardship to five or more victims." Id. at 2588.

On April 30, 2015, the proposed changes were submitted to Congress. 80 Fed. Reg. 25782-01, 25782 (May 5, 2015). The amendments became effective on November 1, 2015.

## Discussion

Defendant contends that his attorney failed to investigate and act on the then-pending amendments to the U.S.S.G. Defendant moves this Court to vacate his sentence based on ineffective assistance of counsel.

To prevail on an ineffective assistance of counsel claim, a defendant must show that: (1) his counsel's performance was deficient; and (2) that there is a reasonable probability that, but for the deficient performance, the result of the proceeding would

---

[2]Defendant was sentenced to 70 months each for Possessing and Passing Counterfeit Checks and Conspiracy to Commit Bank Fraud, to be served concurrently, as well as 24 months for Aggravated Identity Theft, to be served consecutively (#169). This represents the low end of the guideline range.

PAGE 3 - ORDER

have been different. <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984); <u>Womack v. Del Papa</u>, 497 F.3d 998, 1002 (9th Cir. 2007).

With regard to the first prong, the defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." <u>Strickland</u>, 466 U.S. at 687. There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, or what "might be considered sound trial strategy." <u>Id.</u> at 689 (citation and quotation marks omitted). Reasonableness is judged as of the time of counsel's conduct, not in hindsight. <u>Id.</u> at 690. Defense counsel must "at a minimum" conduct a reasonable investigation enabling him to make informed decisions about how to best represent his client. <u>Rios v. Rocha</u>, 299 F.3d 796, 805-06 (9th Cir. 2002). Failure to investigate or adequately prepare for sentencing may render counsel ineffective. <u>Wiggins v. Smith</u>, 539 U.S. 510, 522-23 (2003). The court must focus on whether the investigation was itself reasonable. <u>Id.</u> at 523.

To satisfy the second prong of <u>Strickland</u>, prejudice is established where there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Strickland</u>, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Id.</u> In the sentencing phase of a noncapital case, "any amount of [additional] actual jail time" resulting from trial counsel's error can show prejudice. <u>Glover v. United States</u>, 531

PAGE 4 - ORDER

U.S. 198, 203-04 (2001).

"Failure to satisfy either prong of the Strickland test obviates the need to consider the other." Rios, 299 F.3d at 805.

**I. Counsel's Performance was Not Deficient at the Plea Bargaining Stage**

Defendant argues that counsel was ineffective for failing to account for the then-future amendments when he negotiated the plea agreement. Defendant contends that his base offense level would have been reduced by the elimination of four-level increase for number of victims. In the context of plea bargaining, a petitioner must establish a reasonable probability "that but for counsel's bad advice, the outcome of the plea bargaining would have been different." Perez v. Rosario, 459 F.3d 943, 948 (9th Cir. 2006).

In this case, Defendant entered into a plea agreement with the government on September 1, 2014, more than four months before the U.S.S.C. announced the proposed amendment to § 2B1.1 in January 2015. Before January 2015, the only public information on the proposed amendments was a single announcement by the U.S.S.C. announcing that it was prioritizing:

> Continuation of its work on economic crimes, including (A) a comprehensive, multi-year study of section 2B1.1 (Theft, Property Destruction, and Fraud) and related guidelines, including examination of the loss table, the definition of loss, and role in the offense; (B) a study of offenses involving fraud on the market; and (C) consideration of any amendments to such guidelines that may be appropriate in light of the information obtained from such studies.

Final Priorities for Amendment Cycle, 79 Fed. Reg. 49378-01, 49379 (Aug. 20, 2014). Nothing in that announcement that would have

given counsel notice that the sentencing guidelines would be changing in a way that would materially effect Defendant's sentence.

I conclude that counsel was not deficient for failing to investigate unannounced amendments to the sentencing guidelines prior to Defendant entering into the plea agreement.

**II. Counsel's Performance Was Not Deficient at Sentencing.**

Courts generally use the Guidelines Manual in effect when the defendant is sentenced. U.S.S.G. § 1B1.11(a); United States v. Mix, 457 F.3d 906, 911 (9th Cir. 2006). Defendant contends that after the proposed amendments were announced in January 2015, counsel was ineffective for failing to request that sentencing be set-over until the guideline amendments became effective.

As a preliminary matter, I note that the proposed amendments announced in January 2015 would only become effective if approved by Congress. The final form of the proposed amendments was not fixed until April 30, 2015. Although the proposed amendments *were* ultimately adopted, counsel could not have assumed that they would be adopted at the time of sentencing.

Turning to the question of the set-over, counsel was aware that Defendant had entered into a plea agreement with the government by which he agreed to a four-level increase in his base offense level based on the number of victims. Defendant maintains that he is not attempting to vacate that plea agreement or otherwise attack its legitimacy, but nevertheless argues that counsel should have sought a nine-month delay in order to pursue

the reduced base offense level.

Plea agreements "are measured by contract law standards," and courts "enforce the literal terms of a plea agreement." United States v. Ellis, 641 F.3d 411, 417 (9th Cir. 2011). If counsel in this case had opted to pursue a delay in order to seek a reduction in Defendant's base offense level, it is difficult to see how it would be construed as anything other than an attempt to subvert the plain terms of the plea agreement. Furthermore, counsel was aware that the PSR recommended a substantial increase in base offense level derived from a different calculation of financial losses than what was contemplated in the plea agreement. Counsel was also aware that the government had affirmed its intention to adhere to the plea agreement's calculation of financial losses, but that if the plea agreement were abrogated, the government would be free to argue for the increased offense level recommended by the PSR.

Counsel would also have been aware of a substantial possibility that the court would deny a request for such a lengthy delay. "The decision to grant or deny a requested continuance lies within the broad discretion of the district court." United States v. Flynt, 756 F.2d 1352, 1358 (9th Cir. 1985), as amended, 764 F.2d 675. Courts "must impose sentence without unnecessary delay." Fed. R. Crim. P. 32(b)(1); see also Taylor v. Reno, 164 F.3d 440, 447 (9th Cir. 1998)(counsel's failure to move for a sentencing continuance did not fall below an objective standard of reasonableness on the basis of Rule 32(b)(1).).

I conclude that counsel was reasonable in adhering to the plea

PAGE 7 - ORDER

agreement and declining to seek such a lengthy set-over.

As I have concluded that counsel was not ineffective, it is not necessary to inquire whether Defendant was prejudiced. See Rios, 299 F.3d at 805. I note, however, that it is unlikely that I would have permitted such a lengthy delay in sentencing in order to await then-speculative amendments to the U.S.S.G.

### Conclusion

Construing the § 2255 motion in a manner most favorable to the *pro se* Defendant, and concluding that the claims for relief lack merit and support, Defendant's motion (#199) is DENIED. Further, Defendant's request for an evidentiary hearing is DENIED. Pending motions, if any, are DENIED as moot.

I decline to issue a certificate of appealability because Defendant has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this __12__ day of November, 2015.

                                OWEN M. PANNER
                                United States District Judge